## Morford *v.* Sharpsville Borough, Appellant.

*Negligence—Borough—Defective road—Guard rail.*

In an action against a borough to recover damages for injuries to a child two years old by falling with a horse and buggy over an embankment of a road at a point where there was no guard rail, a verdict and judgment for the plaintiff will be sustained where the evidence tends to show that the locality of the accident was a dangerous one, and that the plaintiff's mother who was driving, was, at the time of the accident, making a reasonable, natural and ordinary use of the highway.

Argued May 9, 1910. Appeal, No. 65, April T., 1910, by defendant, from judgment of C. P. Mercer Co., Jan. T., 1902, No. 138, on verdict for plaintiff in case of Goldie Morford, by her father and next friend, H. O. Morford, v. Sharpsville Borough. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries to a child two years old. Before GALBREATH, P. J., specially presiding.

The facts appear by the opinion of the Superior Court, and by the former report of the case in 28 Pa. Superior Ct. 544.

At the trial defendant presented the following point:

2. That if the jury find from the evidence that Mrs. Morford who had the infant plaintiff in charge, was attempting to tie her horse to a telephone pole which stood on the west side of the highway, and within thirty feet of a steep embankment, and while making such an attempt the horse commenced backing away from the said telephone pole, and backed the buggy in which the infant plaintiff was sitting over the said steep embankment, and Goldie Morford was thereby injured, and that the proximate cause of the injury to her, was the attempt of Mrs. Morford to make such use of the highway, then the plaintiff cannot recover. *Answer:* That is refused, gentlemen. We have already instructed you in the general charge as to what we believe would be the rule if she was attempting to hitch her horse on the west side of the street. [1]

The court charged in part as follows:

[If, on the other hand, you find that she was seeking to hitch her horse on the west side of the street to the pole at that side, and that the horse began to back away and backed over the bank, we say to you, that under those circumstances, there might be a recovery. It will be for you to say. If her seeking to hitch her horse on the eastern side of the street led to the trouble, then, gentlemen, the proximate, immediate operating cause of the trouble would not be the absence of a barrier, but that unforeseen and extraordinary use of the highway. If, on the other hand, she was seeking to hitch her horse at a place that would be reasonable, and such as might reasonably have been expected under the circumstances, then that would be a use of the highway that reasonably should have been foreseen and guarded against, if reasonably it was necessary to guard against injury at that point.] [2]

[Now, if you find in favor of the defendant, you will simply say you find a verdict for the defendant; but if you find this was a dangerous place, or a place of that

character that it reasonably should have been protected, and that the use that was being made of the highway at this time by the plaintiff was a reasonable, ordinary use of the highway, and a proper use of it, and that the accident occurred by reason of the absence of barriers on the east side of this slope, or of the highway at the point of the slope, then, gentlemen, it would be your duty in that event to find a verdict for the plaintiff.] [3]

Verdict and judgment for plaintiff for $1,800.  Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*S. H. Miller*, with him *J. P. Whitla*, for appellant.

*Fred A. Service* and *Q. A. Gordon*, for appellee.

OPINION BY ORLADY, J., July 20, 1910:

When this case was first before us (28 Pa. Superior Ct. 544), it was carefully examined and in an opinion filed by our Brother MORRISON, the errors complained of in the earlier trial were fully considered.  The judgment was reversed and careful directions were given as to the proper manner in which it should be again tried.  The opinion of the court in that case was carefully followed by the learned trial judge on the later trial, and the jury was explicitly instructed "that if the injury resulted from an attempt on the part of Mrs. Morford to hitch her horse to the pole which stood down over the embankment on the east side of the street, there could be no recovery.  It was left to the jury, however, to find as a matter of fact whether the injury resulted from an effort to drive the horse to the pole which stood down over the bank to the east, as contended for by the defendant, or to hitch it to the pole which stood on the west side of and on a level with the street, as claimed by the plaintiff, and if the latter, then whether this was such an extraordinary use of the

highway as could not have been foreseen." And further, "if it was on the east side of the street, we think there could be no recovery but if it were on the west side, and you think it was a thing that might reasonably and naturally be attempted, then we say that that was such a use of the highway as it would be the duty of the municipal authorities to foresee and guard against."

The verdict necessarily means that the jury found that the use made of the highway by Mrs. Morford was a proper one, and such as the defendant borough should have foreseen by placing a guard at this dangerous embankment, the lack of which was the operating cause of the injury which the plaintiff sustained while making a reasonable, natural and ordinary use of the highway. The question was purely one of fact and was carefully submitted to the jury.

The fourth assignment is without merit. If the plaintiff was entitled to recover at all, it was proper for the jury to consider the character, extent and permanency of her injury, and that tribunal, after an inspection of her injuries as they were at the time of the trial, were as capable as men of observation and experience of determining whether the injuries complained of were substantial and permanent, or merely nominal and temporary.

The assignments of error are overruled and the judgment is affirmed.